ATTORNEY FOR HON. WILLIAM I. GARRARD, SENIOR JUDGE

Kevin P. McGoff
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEYS FOR THE COMMISSION ON JUDICIAL QUALIFICATIONS

Adrienne L. Meiring
Mary Elizabeth Daulton
Indianapolis, Indiana

FILED
Aug 03 2016, 1:41 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# In the
# Indiana Supreme Court

---

No. 98S00-1607-JD-381

IN THE MATTER OF THE HONORABLE
WILLIAM I. GARRARD, SENIOR JUDGE
OF THE INDIANA COURT OF APPEALS

---

JUDICIAL DISCIPLINARY ACTION

---

**August 3, 2016**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against Respondent herein, William I. Garrard, Senior Judge. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Together with the filing of formal charges by the Commission, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" in which the parties have stipulated to the following facts. On the evening of Tuesday, November 17, 2015, Respondent was involved in a motor vehicle collision in Mooresville, Indiana when he made a wide right turn and collided with another vehicle that was waiting for traffic to clear. At the scene, police observed

that Respondent appeared to be under the influence of alcohol, and Respondent failed or could not complete field sobriety tests. Respondent told police he had consumed one vodka on the rocks about two hours prior to the accident, and a preliminary breath test showed a blood alcohol concentration (BAC) of 0.14%. Respondent was transported to a hospital for a voluntary blood sample, the toxicology report of which reflected a blood alcohol concentration of 0.15%. En route to the hospital, Respondent asked the police officer, "Will you just take me home and forget about the drinking and driving?" At the hospital, Respondent made other statements reflecting that he did not want to be arrested and simply wanted to go home; and while the officer inventoried Respondent's wallet, Respondent stated that he is a senior judge for the Court of Appeals. Respondent was arrested and subsequently charged with Operating a Vehicle While Intoxicated Endangering a Person, a Class A misdemeanor, see Ind. Code § 9-30-5-2(b), and Operating a Vehicle While Intoxicated, a Class C misdemeanor, see Ind. Code § 9-30-5-1(a). He self-reported his arrest to the Indiana Commission on Judicial Qualifications on November 19, 2015 and indicated that he already contacted the Judges and Lawyers Assistance Program (JLAP).

On June 14, 2016, Respondent pleaded guilty to the Class A misdemeanor charge, and the State dismissed the Class C misdemeanor charge. Special Judge Sara Dungan entered judgment of conviction against Respondent and sentenced him to 365 days in jail, of which 309 days was suspended with 28 days of jail credit time. Respondent was also placed on probation for nine months, his driving privileges were suspended for 90 days, and he was ordered to pay fines and court costs of $384.50.

Respondent and the Commission agree that by being arrested and convicted for Operating While Intoxicated Endangering a Person, Respondent violated Code of Judicial Conduct Rule 1.1 requiring judges to comply with the law, and Rule 1.2 requiring judges to avoid impropriety and to act at all times in a manner that promotes public confidence in the integrity of the judiciary. They further agree that Respondent also violated Rule 1.2 by asking a police officer to "just take [him] home and forget about the drinking and driving" and stating to the officer that he is a senior judge for the Court of Appeals.

In aggravation, the parties agree that Respondent was involved in a property damage accident, and that he was questioned by police but not charged approximately a month prior for another property damage accident (hitting a road sign) and was under the influence of alcohol

2

when police spoke with him at his residence that same night. In mitigation, they agree that Respondent immediately self-reported his misconduct and voluntarily contacted JLAP; that he is compliant with all JLAP requests and regularly attends Alcoholics Anonymous meetings; that he has been fully cooperative with the Commission throughout its investigation; and that he is remorseful for his conduct. Finally, they agree that under the circumstances, the appropriate sanction is a public reprimand. The Court agrees with the parties.

Accordingly, William I. Garrard, Senior Judge of the Indiana Court of Appeals, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding are assessed against Respondent.

All Justices concur.